UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLEPHEX, LLC,

                                                    Case No.: 19-13089
            Plaintiff,                              Hon. Gershwin A. Drain
v.


MYCO INDUSTRIES, INC. *et al.*,

            Defendants.
_____/

## OPINION AND ORDER REGARDING CLAIM CONSTRUCTION

### I.    INTRODUCTION

BlephEx, LLC ("BlephEx") is the owner by assignment of United States Patent No. 10,449,087 (the "'087 Patent").  On October 22, 2019, BlephEx filed the instant action alleging Myco Industries, Inc. ("Myco") and John R. Choate have engaged in direct, contributory, as well as actively induced, infringement of one or more of the '087 Patent claims in violation of 35 U.S.C. §§ 271(a), (b) and (c). This matter is before the Court for claim construction. The disagreement before the Court concerns the meaning of the claim terms "without lifting the eyelid margin from the eye."  A hearing on this matter was held on September 14, 2020.

Because the parties have already agreed to use the Court's construction of "eyelid margin" from the companion litigation involving United States Patent No.

9,039,718 ("'718 Patent"), and the term "lifting" is a simple term that will be easily understood by the jurors, the Court concludes the claim terms "without lifting the eyelid margin from the eye" require no construction.

## II.    FACTUAL BACKGROUND

The '087 Patent discloses "[a]n instrument for removing debris from an eye during the treatment of an ocular disorder" having a "swab and a rigid member." ECF No. 30, PageID.2496.  Prior art methods for treating ocular disorders included instructing patients to clean their eyelid margins at home, but these methods proved inadequate because patients "routinely fail to totally cleanse the margin of the eyelid, the base of the eyelashes, and the meibomian glands." *Id.* at PageID.2503, 2:12-15.  One of the goals of the '087 Patent was to provide a method for cleaning the eyelid margin using an electromechanical device.

The '087 Patent is related to the '718 Patent at issue in the parties' companion matter, which is also before this Court.  Both patents are directed to treating the eyelid margin with an electromechanical device with a swab, but there are differences in claims, both with respect to what portion of the eye the device is configured to contact, as well as what portion is actually contacted during treatment.  For instance, the '718 Patent's Claim 1 requires that the swab have at least a portion thereof "configured to access an inner edge portion of the eyelid margin," while the '087 Patent's Claim 16 requires contacting "a portion of the

eyelid margin that includes the removable debris." *Id*. at PageID.2507, 10:48-50.

However, both the '718 Patent and the '087 Patent use the disputed term at issue,

"without lifting the eyelid margin from the eye."

BlephEx asserts that Defendants have engaged in direct, contributory, as

well as actively induced, infringement of claims 16, 18, and 19 of the '087 Patent.

Independent claim 16 states:

> A method of treating an eye for an ocular disorder with a swab operably connected to an electromechanical device, wherein the eye has an eyelid margin and includes a removable debris, the method comprising:
>
> effecting movement of the swab relative to the electromechanical device, the swab having at least a portion thereof configured to access a portion of the eyelid margin; and
>
> while the swab is being moved by the electrotechnical device, contacting a portion of the eyelid margin that includes the removable debris with the swab thereby impacting the debris with the swab to remove debris from the eye.

*Id*., 10:38-50.  The sole disputed claim term is found in dependent claim 18:

> The method of claim 16 wherein the eye has an eyeball and further includes accessing the eyelid margin for contacting the swab to the debris **without lifting the eyelid margin from the eye**.

*Id*., 10:59-62.

### III.   LAW & ANALYSIS

#### A.   Standard of Review for Claim Construction

Claim construction is an issue of law.  *See Markman v. West View Instruments, Inc*., 517 U.S. 370, 388-90 (1996).  Claim terms "are generally given their ordinary and customary meaning as understood by a person of ordinary skill in the art." *Thorner v. Sony Comp. Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012). It is the claims that measure the invention. *SRI Int'l . Matsushita Elec. Corp.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985).  "There are only two exceptions to this general rule: 1) when a patentee sets out a definition and acts as his own lexicographer, or 2) when the patentee disavows the full scope of a claim term either in the specification or during prosecution." *Id*.

In *Phillips v. AWH Corp*., 415 F.3d 1303, 1312 (Fed. Cir. 2005), the Federal Circuit provided guidance on the hierarchy of evidentiary sources for claim construction. First, "the claims themselves provide substantial guidance as to the meaning of particular terms." *Id*. at 1314.  Second, the claims "must be read in view of the specification." *Id*.  Third, a court "should also consider the patent's prosecution history, if it is in evidence." *Id*. at 1317.  The claims, specification, and prosecution history are "intrinsic evidence" and are the favored sources for claim construction. *Id*.  Courts may also look to extrinsic evidence, though such

evidence "is less significant than the intrinsic record in determining the legally operative meaning of claim language." *Id.* (quotation marks omitted).

Claim construction always begins with the language of the claim and asks "how a person of ordinary skill in the art understands a claim term." *Id*. at 1317-18; 1224. A "person of ordinary skill in the art is deemed to read the claim term not only in the context of the particular claim in which the dispute term appears, but in the context of the entire patent, including the specification." *Id*. at 1313.

## B. "Without lifting the eyelid margin from the eye"

BlephEx argues the claim terms "without lifting the eyelid margin from the eye" are readily understood and do not require construction. To the extent the Court finds that the terms need to be construed, BlepEx maintains the terms should be given their ordinary and plain meaning, specifically "lifting" should be construed as "raising." Defendants contend that "lifting" should be construed as "grasping and raising."

The Court has previously construed the claim terms "eyelid margin" in the '718 Patent litigation, and the parties have agreed to this construction in the Joint Claim Construction Chart. ECF No. 29, PageID.2466. Similar to this Court's conclusion that the '718 Patent's claim term "contacting" requires no construction because it is a simple, easily understood term, BlephEx argues "lifting" does not require construction because it also is a readily understood term. *See Myco Indus.*

*v. BlephEx, LLC*, 2020 U.S. Dist. LEXIS 97199, at *16-17 (E.D. Mich. Jun. 3, 2020) (finding the term "contacting" required no construction because "it is a simple, easily understood term.")

Myco relies on Fig. 5B in support of its argument that "lifting" should be construed to mean "raising *and grasping*." Fig. 5B is not an exemplary embodiment of Claim 18 because Fig. 5B shows an embodiment that uses "a hand, or similar gripping device" to "move or lift a portion of the eye." ECF 30, PageID.2502, 8:18-26. Conversely, Fig. 5A demonstrates that "accessing the portion of the eye with the debris . . . may be accomplished *without . . . lifting* other portions of the eye." *Id.*, 8:13-16 (emphasis supplied). The embodiment shown in Fig. 5A would therefore fall within the scope of Claim 18 because it demonstrates the claimed method without lifting the patient's eyelid margin from the eye.

In any event, the specification states that "FIGS. 5A and 5B are merely exemplary embodiments showing both non-assisted access and assisted access of the swab to the eye respectively." *Id.*, 8:26-28. It is well settled that specification embodiments cannot be used to deviate from ordinary and customary meaning, absent patentee lexicography or clear disavowal of claim scope. *See Unwired Planet, LLC v. Apple Inc.*, 829 F.3d 1353, 1359 (Fed. Cir. 2016) ("[W]e have repeatedly held that it is not enough that the only embodiments, or all of the

embodiments, contain a particular limitation to limit claims beyond their plain meaning.") (internal quotation marks omitted).

Here, Myco is requesting that the Court "read limitations from the specification into the claims[,]" which is a clear violation of bedrock claim construction principles. *Thorner v. Sony*, 669 F.3d 1362, 1366-47 (Fed. Cir. 2012). The '087 Patent's lexicographer gave no clear disavowal of claim scope with these exemplary embodiments. Myco improperly seeks to limit "lift" to mean "raise and grasp," despite the dictionary definitions provided by Myco, which do not indicate any requirement that lifting include a grasping movement.

Based on the foregoing considerations, the Court concludes the claim terms "without lifting the eyelid margin from the eye" require no construction beyond the Court's prior construction of the claim terms "eyelid margin" in the companion '718 Patent litigation. *See Myco Industries, Inc. v. BlepEx, LLC,* No. 19-10645, ECF No. 81, PageID.4734 (construing "eyelid margin" to mean "the edge of an eyelid, which is divided into an anterior portion and a posterior portion by the physiological feature of the gray line"). The meaning of the term "lifting" is simple and easily understood, thus no further construction of "without lifting the eyelid margin from the eye" is necessary.

## IV.    CONCLUSION

Accordingly, for the reasons articulated above, the Court concludes the claim terms "without lifting the eyelid margin from the eye" require no construction beyond the Court's prior construction of the claim terms "eyelid margin" in the '718 Patent litigation.

SO ORDERED.

Dated:  September 18, 2020                      /s/Gershwin A. Drain
                                               GERSHWIN A. DRAIN
                                               United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 18, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager